## Loeb v. Romano.

*U. G. Vogan,* for plaintiff; *Edward A. Kraus, Jr.,* for defendant.

PATTERSON, J.—Samuel McKinley, an alderman of the City of Pittsburgh, gave a judgment on May 25, 1929, against the defendant. The hour fixed for the hearing in the summons was between 9 and 10 o'clock A. M. Defendant appeared at 10 o'clock, Eastern Standard Time, and learned that judgment had been formally pronounced against him at 10 o'clock, Daylight Saving Time. The record is brought before us on *certiorari,* and by agreement of counsel the certificate of the alderman as to the fact of defendant's appearance at the hour fixed upon standard time computation is made part of the record. Were it not for this stipulation, we would overrule the specification

54

of error, but with this certificate made part of the record, it plainly appears that judgment was rendered an hour too soon to be effective. There is no such time schedule in law as "Daylight Saving." By the Act of May 3, 1923, P. L. 129, Eastern Standard Time was established as the sole and uniform legal standard of time. A summons fixing an hour for a hearing, whether so expressing it or not, fixes it according to Eastern Standard Time. For this reason the specification of error must be sustained and the judgment reversed.

We regret that this is so, for the undenied averments of the petition to hear this matter as an emergency rule showed the defendant to be grossly in default and worthy of little or no consideration. But the record before us, as amended, shows reversible error on its face, and we cannot do otherwise.

From William J. Aiken, Pittsburgh, Pa.